IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 1:17-cr-270 (LMB) |
| WAQAR HUSSAIN KHAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS INDICTMENT
### FOR VIOLATION OF THE SPEEDY TRIAL ACT

## I. INTRODUCTION

Defendant Waqar Khan, a dual citizen of the United States and Pakistan, respectfully moves this Court to dismiss the indictment against him. More than a decade elapsed between the filing of U.S. charges and the government's eventual request for his extradition, despite Pakistan's explicit 2009 invitation to pursue extradition. Instead, the United States pursued legally futile deportation requests and then allowed Khan to languish in Pakistani custody for over ten years before finally initiating extradition proceedings.

Khan's case is more compelling than that of his co-defendant, Umar Farooq Chaudhry.[1] Unlike Chaudhry, Khan did not resist extradition once proceedings were initiated. He cooperated and did not prolong his transfer to the United States. At least as early as June 2021, he was attempting to arrange his travel back to the United States. Selected communications between counsel are located **Exhibit A.**

---

[1] See Memorandum Opinion, *United States v. Chaudhry*, Case No. 1:17-cr-270, Dkt. 182 (E.D. Va. June 5, 2024). (hereinafter the "Opinion").

In addition, unlike Chaudhry, Khan timely asserted his Sixth Amendment right to a speedy trial when he appeared at arraignment.

The facts underscore that the lengthy delay in this case is entirely attributable to the government and magnify the prejudice suffered by Khan.

This extraordinary delay violated both the statutory protections of the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment right to a speedy trial. As the Supreme Court recognized in *Doggett v. United States*, "uncommonly long" delays are presumptively prejudicial, and the presumption of prejudice grows with the passage of time. 505 U.S. 647, 652–57 (1992). Here, the government's inaction has resulted in actual prejudice to Khan.

## II. FACTUAL SUMMARY

The Indictment alleges that from November 2009 through December 2009, Khan conspired and attempted to provide material support knowing and intending such support to be used to commit violations of statutes enumerated in 18 U.S.C. § 2339A, and conspired and attempted to provide material support to two designated terrorist organizations, Jaish-e-Mohammed and Lashkar-e-Tayyiba, in violation of 18 U.S.C. § 2339B.

A criminal complaint was filed on December 23, 2009, and an arrest warrant for Khan was issued on that date. The affidavit in support of the criminal complaint states that Khan and four other young men traveled to Pakistan on November 28, 2009. He was then arrested in Sargodha, Pakistan, on December 9, 2009. Khan and Ahmed Minni provided statements stating that the group sought to travel to Afghanistan to fight on behalf of oppressed Muslims.

On December 24, 2009, the Court authorized a limited unsealing of the case so that the FBI could seek the issuance of a "red notice" from Interpol, the international law enforcement organization. A "red notice" "is the closest instrument to an international arrest warrant in use today." *Guan v. Barr*, 925 F.3d 1022, 1030 n.2 (9th Cir. 2019) (citation omitted).

The government also sought a limited unsealing order to request Pakistan to deport Khan and his co-defendants. On December 15, 2009, however, the Pakistani government advised the U.S. government to follow "the formal extradition process," and that "the USG should initiate a formal request soon." Bates No. FBI-00053080.2

Khan was prosecuted for violations of Pakistani law and was sentenced to serve 10 years of imprisonment.

## III. STATUTORY SPEEDY TRIAL ACT VIOLATION

A. Applicable Law

The Speedy Trial Act requires that trial commence within 70 days of indictment or initial appearance, subject to limited exclusions. 18 U.S.C. § 3161(c)(1). Where the government fails to meet this requirement, "the information or indictment shall be dismissed on motion of the defendant." § 3162(a)(2).

Because Khan never waived his statutory rights—*in contrast to Chaudhry, who stipulated to a continuance outside the 70-day clock*—the government cannot claim any waiver as a defense to its violation.

B. Timeline of Proceedings

- December 2009: Federal complaint and arrest warrant issued for Khan and co-defendants.[2]

- December 2009: Interpol Red Notice issued.[3]

- 2010: U.S. submits two diplomatic notes requesting deportation, despite acknowledging [Khan's] dual U.S.–Pakistan citizenship.[4]

- 2010–2020: No formal extradition request is filed, despite Pakistan's repeated insistence on extradition.[5]

- November 2020: First U.S. extradition request.

- July 2025: Khan is extradited, arraigned, and brought before this Court.

C. Improper Exclusions

The government cannot rely on complexity designations or routine continuances to excuse a decade-long failure to prosecute. The Speedy Trial clock begins with the complaint, warrant, and Red Notice (*United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995); *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005)).

## IV. SIXTH AMENDMENT VIOLATION

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Courts evaluate claims under *Barker v. Wingo*, weighing four factors: length of delay, reason for delay, assertion of rights, and prejudice.

---

[2] Chaudhry Opening Br., No. 24-4471 (4th Cir.), at 7–8.
[3] Id. at 8.
[4] Id. at 9; Chaudhry Reply Br., No. 24-4471, at 6–7.
[5] Chaudhry Opening Br., supra, at 10–11.

4

A. Length of Delay

The more than ten-year delay between federal charges (2009) and the government's first extradition request (2020) is "uncommonly long." As this Court noted in its Opinion, at p. 10, the government did not contest the length of the delay weighed in defendant Chaudhry's favor.

The length of delay weighs in Khan's favor.

B. Reason for the Delay

1.  Futility of Deportation: Deportation was never a viable option because nations cannot deport their own citizens (*Fong Yue Ting v. United States*, 149 U.S. 698, 707 (1893)). The government acknowledged dual citizenship in 2010 diplomatic notes, yet still pursued deportation.

2.  Invitation for Extradition: Pakistan explicitly advised the United States in December 2009 to "initiate a formal request" for extradition. The government ignored this directive for more than a decade. Instead, the United States decided to abandon the extradition request. This Court noted the process employed by the United States:

> As the declaration of the OIA Associate Director established, when Chaudhry was arrested in Pakistan, there was a pattern of United States' extradition requests not being "addressed in a timely manner by the Government of Pakistan, or simply were not addressed at all,"7 [Dkt. No. 168-4] at 5-6. Moreover, the OIA knew that "in certain cases" Pakistan had agreed "to deport another country's nationals in lieu of extradition," and this method "is typically faster than extradition proceedings." Id. at 5. Because Chaudhry was a United States citizen, the OIA believed this expedited deportation option was available. *As a result, the government proceeded with what it understood to be an "expedited option" to obtain custody of Chaudhry* and his co-defendants through informal extradition and deportation requests. Id. at 5-6. (Emphasis added).

Opinion, at p.12.

5

    3.    Fraudulent Pakistani Prosecution: The government cannot justify delay by deferring to a sham prosecution in Pakistan. Unlike *United States v. Grimmond*, 137 F.3d 823 (4th Cir. 1998), where delay was justified by another sovereign's legitimate prosecution, here after interviewing the defendants and communicating with Pakistani officials, the United States had reason to know the Pakistani case against Khan and the others was either based on fabricated evidence, or was essentially the same conduct charged in this Court.

    The reason of delay weighs in Khan's favor.

    C. Assertion of Rights

    Khan, imprisoned abroad and unaware of U.S. charges, could not assert his rights earlier. Unlike Chaudhry, Khan timely asserted his Sixth Amendment right to a speedy trial. He did not fight extradition to the United States and once arrived in Court, did not waive his right to a speedy trial.

    His assertion of rights weighs in Khan's favor.

    D. Prejudice

    This Court noted and "the Supreme Court has recognized, 'we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.' ", citing *Doggett*, 505 U.S. at 655.  Opinion, at p.16. Under *Doggett*, extraordinary delay itself establishes presumptive prejudice. That presumption is reinforced by actual prejudice suffered:

    1.    Lost opportunity for concurrent sentencing while incarcerated abroad.

    2.    Oppressive confinement under harsh Pakistani prison conditions.

    3.    Anxiety and stigma from unresolved U.S. charges during years of imprisonment.

    4.    Impairment of defense, as memories fade and witnesses are lost.

The Court may find, as it did in the Chaudhry matter, that (1) a possible resolution of the charges may result in a sentence of time-served, and (2) Khan's release following his first appearance indicate no real prejudice to the Khan. Assuming the Court reaches the same conclusion, nevertheless a possible 20 year term of supervised release, which has been imposed in the other cases, is substantially prejudicial.

For the next 20 years, Khan would be subject to the standard and special conditions of supervision imposed by this Court. For instance, he would (1) need to request permission to travel either in the United States or internationally, (2) be required to live at a location approved by a probation officer, (3) be required to allow a probation officer to inspect his residence at any time, (4) be required to notify a probation officer of any change in employment, and (5) be required to report to a probation officer if he was questioned or arrested by an officer for a traffic citation.

Khan will suffer actual prejudice with the imposition of such conditions for a term of 20 years, particularly because his has served a 10 year term of imprisonment, under harsh conditions in Pakistan, for what appears to be essentially the same conduct charged in the Indictment.

The prejudicial harm weighs in Khan's favor.

## V. THIS COURT'S JUNE 5, 2024 OPINION

In denying Chaudhry's motion to dismiss for speedy trial violations, this Court accepted the government's deportation efforts as diligent and found insufficient prejudice. However, as Chaudhry's appellate briefs argue, deportation was legally impossible for a dual citizen, and *Doggett* requires courts to weigh compounding prejudice from uncommonly long delays.

The government failures in Chaudhry's case are present here—but applied to Khan, the prejudice is even more unambiguous. Khan's statutory and constitutional speedy trial rights have been violated.

## VI. CONCLUSION

For more than a decade, the government abdicated its duty to diligently prosecute Waqar Khan. The Speedy Trial Act has been violated, and the Sixth Amendment requires dismissal.

Respectfully submitted,

WAQAR HUSSAIN KHAN
By Counsel

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
(202) 462-1100
pleasant@pleasantbrodnax.com

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2025, the foregoing pleading was filed using the CM/ECF system, which will send notification of such electronic filing (NEF) to all counsel of record.

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III